UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

KEVIN K.L.,                                            Case No. 26-CV-1831 (PJS/JFD)

        Petitioner,

v.                                                                      ORDER

PAMELA BONDI, Attorney General;
SECRETARY, U.S. Department of Homeland
Security; TODD M. LYONS, Acting Director
of Immigration and Customs Enforcement;
DAVID EASTERWOOD, Acting Director, St.
Paul Field Office, Immigration and Customs
Enforcement; and RYAN SHEA, Sheriff of
Freeborn County,

        Respondents.

---

Jacqueline Tousley-Adelman and Kevin A. Velasquez, BLETHEN BERENS, for petitioner.

David W. Fuller and Jesus Cruz Rodriguez, UNITED STATES ATTORNEY'S OFFICE, for all respondents except Ryan Shea.

David John Walker, FREEBORN COUNTY ATTORNEY'S OFFICE, for respondent Ryan Shea.

This matter is before the Court on petitioner Kevin K.L.'s petition for a writ of habeas corpus.[1]  Kevin, a citizen of Kenya, entered the United States on a student visa in 2022 to attend Minnesota State University, Mankato, where he studied nursing.  V. Pet.

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

¶¶ 13–15.  Kevin's visa expired on June 24, 2025, but he remained in Minnesota.  *Id.* ¶ 14; ECF No. 6-2.  Immigration and Customs Enforcement ("ICE") arrested Kevin while he was driving a vehicle on March 9, 2026.  *Id.* ¶ 16.  According to the petition, ICE presented Kevin with "an arrest order signed by an immigration specialist, not a judge."  *Id.*  Kevin fainted and was taken to the hospital, and was later released into custody at the Freeborn County Jail.  *Id.* ¶¶ 16, 19.  On the same date, Kevin was issued a notice to appear placing him in removal proceedings.  ECF No. 6-2.

Following his arrest, Kevin filed this habeas action, arguing that his detention is unlawful and that release is the proper remedy.  ECF No. 1.  Respondents concede that Kevin is entitled to a bond hearing under 8 U.S.C. § 1226(a) but contend that Kevin's detention is otherwise lawful.  *See* ECF No. 6.  Kevin responds that he is entitled to release because, "even when purportedly acting pursuant to 8 U.S.C. § 1226(a)," ICE had no lawful predicate for his arrest.  ECF No. 7.

As explained by Judge Tostrud in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), an arrest warrant is a prerequisite to detention under § 1226(a).  *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)).  "If the alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney

General discretion to detain or release 'the arrested alien' are likewise not triggered."

*Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (quoting § 1226(a)).

The question, then, is whether the agents who arrested Kevin had "a warrant issued by the Attorney General." Kevin states in his petition that he was "presented an arrest order signed by an immigration specialist, not a judge." V. Pet. ¶ 16.[2] The Court ordered respondents to establish "the lawfulness and correct duration of [Kevin's] detention in light of the issues raised in the habeas petition." ECF No. 3. In their answer, respondents make no mention of a warrant or the "arrest order" referred to in Kevin's petition. Respondents instead submit the notice to appear issued the same day as Kevin's arrest and describe Kevin's detention history. ECF Nos. 6-1, 6-2.

On this record, the Court is left to guess whether the "arrest order" to which Kevin refers is an arrest warrant, notice to appear, or something else.[3] Thus,

---

[2]The Court notes that § 1226(a) does not require an arrest warrant signed by a *judge*, but only a warrant signed by the Attorney General or her designees. The signature of an immigration officer will generally suffice.

[3]In his reply, Kevin argues that if a warrant did exist, it was retroactively served and cannot support his detention. ECF No. 7. But the Court has previously held that, under certain circumstances, a warrant issued promptly after a noncitizen's arrest may provide a lawful basis for detention under 8 U.S.C. § 1226(a). *See Fernando C.C. v. Bondi*, No. 26-CV-1235 (LMP/JFD), ECF No. 11 (D. Minn. Feb. 17, 2026); *but see Alberto C.M. v. Noem*, No. 26-CV-0380 (DWF/SGE), 2026 WL 184530, at *2 (D. Minn. Jan. 23, 2026).

respondents have not met their burden to show that Kevin was arrested pursuant to a warrant.[4]  The Court therefore grants Kevin's petition and orders his release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.    Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2.    Respondents must release petitioner from custody by March 19, 2026, at 3:30 pm.  If petitioner is not in Minnesota, respondents must return petitioner to Minnesota before releasing him.

3.    The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 17, 2026                    /s/ Patrick J. Schiltz
                                         Patrick J. Schiltz, Chief Judge
                                         United States District Court

---

[4]Respondents do not argue that a warrantless arrest was justified under 8 U.S.C. § 1357(a)(2).  Accordingly, the Court does not reach the arguments related to probable cause under § 1357(a)(2) raised in Kevin's reply.